**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS MANNING HOOK,**

    **Plaintiff,**

**v.**                                                             **Case No. 8:17-cv-1104-T-33TBM**

**STEVE MILLS,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Thomas Manning Hook's Affidavit of Indigency (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

For the reasons explained below, I find that the Complaint fails to state a cognizable claim; therefore, I recommend that the construed motion be denied and the Court dismiss the Complaint.

**I.**

Pursuant to 28 U.S.C. § 1915:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The statute also provides that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action ... is frivolous[1] or malicious; fails to state a claim on which relief may be granted;[2] or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The Federal Rules of Civil Procedure also inform review under § 1915.  First, "a civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Therefore, "a complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks and alterations omitted), abrogated on other grounds by *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544. In addition, Rule 8 requires "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

---

[1] A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.*

[2] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under that standard, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Further, the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In conducting its review, the Court is mindful that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citations omitted). However, notwithstanding that standard, a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**II.**

While Mr. Hook's Affidavit reveals that he likely qualifies as indigent for the purposes of § 1915, I nonetheless find that the Complaint should be dismissed with leave to amend.

On May 10, 2017, Mr. Hook initiated this action, naming as defendant Steve Mills, whom he identified as a Detective (Detention Detective) in the Polk County Sheriff's Office/Jail. (Doc. 1). The Complaint is, in parts, illegible and, in full, a rambling statement largely impossible to decipher. The Complaint wholly fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, which requires a short and plain statement in numbered paragraphs showing entitlement to relief. While it does appear that the allegations relate to an alleged assault on February 18, 2016, in which Detective Mills was somehow involved, the Court's jurisdiction is unclear and a number of the allegations are indecipherable. In sum, even assuming the Court's jurisdiction and compliance with Rules 8 and 10, I cannot determine if Plaintiff has set forth the allegations necessary to state a claim upon which relief may be granted or whether this Court has

jurisdiction. Moreover, I see no way a Defendant could or should be called upon to respond to such incoherent and indecipherable allegations.

### III.

Accordingly, I **RECOMMEND** that the Court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2).

I further **RECOMMEND** the Court grant Plaintiff permission to file an Amended Complaint, which clearly sets forth a cause of action consistent with the pleading requirements of the Federal Rules of Civil Procedure and which clearly states the basis of this Court's jurisdiction, within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

Respectfully submitted this
5th day of July 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Thomas Manning Hook, *pro se*