UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS MANNING HOOK,

        Plaintiff,

v.                              Case No. 8:17-cv-1104-T-33TBM

STEVE MILLS,

        Defendant.

_____/

**<u>ORDER</u>**

This matter is before the Court on consideration of United States Magistrate Judge Thomas B. McCoun's Report and Recommendation (Doc. # 4), filed on July 5, 2017, recommending that Plaintiff's construed Motion for Leave to Proceed *in forma pauperis* be denied. Judge McCoun also recommends that the Complaint be dismissed with leave to file an Amended Complaint. The Report and Recommendation provided that Plaintiff had an opportunity to object during a finite, 14-day period. (<u>Id.</u> at 5). However, rather than objecting to the Report and Recommendation, Plaintiff filed a Motion requesting court appointed counsel (Doc. # 5) and a Motion to continue. (Doc. # 6). As explained below, the Court denies Plaintiff's Motions, adopts the Report and Recommendation, and dismisses the Complaint with leave to file an Amended Complaint.

I. __Motion to Appoint Counsel and Motion to Continue__

Plaintiff, an individual appearing pro se, requests the
Court appoint counsel to assist in prosecuting this matter.
Title 28 U.S.C. § 1915(e)(1) provides that "[t]he court may
request an attorney to represent any person unable to afford
counsel." However, the appointment of counsel in a civil case
is not guaranteed and lies within the discretion of the trial
court.  __Bass v. Perrin__, 170 F.3d 1312, 1320 (11th Cir. 1999)
(citations omitted).

"The appointment of counsel is [ ] a privilege that is
justified only by exceptional circumstances, such as where the
facts and legal issues are so novel or complex as to require
the assistance of a trained practitioner." __Poole v. Lambert__,
819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted).

> The key is whether the *pro se* litigant needs
> assistance presenting the essential merits of his
> position to the court.  The following factors
> determine whether exceptional circumstances exist:
> (1) the type and complexity of the case; (2)
> whether the litigant is capable of adequately
> presenting his case; (3) whether the litigant is in
> a position adequately to investigate the case; and
> (4) whether the evidence will consist in large part
> of conflicting testimony so as to require skill in
> the presentation of evidence and in cross-
> examination.

__Burgess v. Bradshaw__, 626 F. Appx. 257, 259 (11th Cir.
2015).   Further, The Supreme Court has explained that

-2-

appointment of counsel in a civil case may be appropriate when "quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding or when an indigent risks losing his or her child in a custody case." <u>Washington v. United States</u>, 93 Fed. Cl. 706, 708-09 (Fed. Cl. 2010). Thus, "only in civil cases that present an extreme hardship to petitioner are courts empowered to cause legal assistance to be provided." <u>Id.</u>

Plaintiff has not discussed the factors relevant to the appointment of counsel or otherwise demonstrated any reason why the Court should appoint counsel to represent him. This is not a case in which exceptional circumstances justify the appointment of counsel to a pro se plaintiff, and the Court accordingly denies the Motion for Appointment of Counsel.

In addition, Plaintiff has not advanced any specific reason for the requested continuance. In the Motion to Continue, Plaintiff requests "a continuance in order to obtain a complete and fair hearing to ensure justice." (Doc. # 6). Finding the Motion to be devoid of substance, the Court denies the Motion for a Continuance.

## II.  <u>Report and Recommendation and Dismissal of Complaint</u>

The Report and Recommendation summarizes the Complaint as follows:

The Complaint is, in parts, illegible and, in full, a rambling statement largely impossible to decipher. The Complaint wholly fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, which requires a short and plain statement in numbered paragraphs showing entitlement to relief. While it does appear that the allegations relate to an alleged assault on February 18, 2016, in which Detective Mills was somehow involved, the Court's jurisdiction is unclear and a number of the allegations are indecipherable. In sum, even assuming the Court's jurisdiction and compliance with Rules 8 and 10, I cannot determine if Plaintiff has set forth the allegations necessary to state a claim upon which relief may be granted or whether this Court has jurisdiction. Moreover, I see no way a Defendant could or should be called upon to respond to such incoherent and indecipherable allegations.

(Doc. # 4 at 3-4).

Based on these observations, the Magistrate Judge recommends denial of *in forma pauperis* status without prejudice and further recommends dismissal of the Complaint with leave to amend. The Magistrate Judge recommends providing Plaintiff with a 20 day window for filing an Amended Complaint and specifies that any Amended Complaint should (1) clearly set forth a cause of action consistent with the pleading requirements of the Federal Rules of Civil Procedure and (2) clearly states the basis of this Court's jurisdiction.

As of this date, there are no objections to the Report and Recommendation, and the time to file such objections has elapsed. After conducting a careful and complete review of

the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  <u>See</u> <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

## III. <u>Conclusion</u>

Upon due consideration of the record, including the Report and Recommendation as well as the Plaintiff's submissions, the Court denies Plaintiff's requests for the appointment of counsel and for a continuance, adopts the Report and Recommendation, denies *in forma pauperis* status without prejudice, and dismisses the Complaint with leave to file an Amended Complaint by **August 14, 2017.** Failure to file

an Amended Complaint by August 14, 2017, will result in the dismissal and closure of the case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 4) is **ACCEPTED** and **ADOPTED.**

(2) Plaintiff's construed Motion for Leave to Proceed *in forma pauperis* (Doc. # 2) is **DENIED WITHOUT PREJUDICE.**

(3) Plaintiff's Motion for Appointed Counsel (Doc. # 5) is **DENIED.**

(4) Plaintiff's Motion for Continuance (Doc. # 6) is **DENIED.**

(5) The Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is authorized to file an Amended Complaint by **August 14, 2017.** Failure to file an Amended Complaint by August 14, 2017, will result in dismissal of the action and case closure.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of July, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE