UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS MANNING HOOK,

    Plaintiff,

v.     Case No. 8:17-cv-1104-33TBM

STEVE MILLS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte. On May 10, 2017, Plaintiff Thomas Hook filed a pro se Complaint against Steve Mills, a Florida Detention Detective. Hook's voluminous Complaint did not provide a cogent discussion of the relevant facts, nor did it set forth a viable cause of action over which this Court could exercise subject matter jurisdiction.

In connection with his Complaint, Hook filed an application to proceed in forma pauperis, along with various other motions. (Doc. # 2). On July 5, 2017, the Magistrate Judge issued a Report and Recommendation recommending that Hook's Complaint be dismissed without prejudice, with leave to amend. (Doc. # 4). The Magistrate Judge explained: "The Complaint is, in parts, illegible and, in full, a rambling

1

statement largely impossible to decipher.  The Complaint wholly fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, which require a short and plain statement in numbered paragraphs showing entitlement to relief." (Id. at 3).  The Magistrate Judge recommended denial of Hook's application to proceed in forma pauperis, adding: "I see no way a Defendant could or should be called upon to respond to such incoherent and indecipherable allegations." (Id. at 4).

With no objection to the Report and Recommendation lodged, this Court adopted the Report and Recommendation on July 25, 2017. (Doc. # 7).  The Court gave Hook the opportunity to file an Amended Complaint by August 14, 2017, and explained that failure to file an Amended Complaint by that date would result in the dismissal of the case and case closure. (Id. at 6).

Hook failed to file an Amended Complaint, and the deadline for amendment as authorized by the Court has now passed.  The Court accordingly dismisses his case without prejudice.  The Clerk is directed to close the case.[1]

---

[1] The record reflects that each Notice and Order sent by the Court to Hook has been returned as "Undeliverable," despite many attempts to reach Hook, including mailing the correspondence to multiple addresses.  However, it is Hook's

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

This case is **DISMISSED** without prejudice. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of August, 2017.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

---

duty to advise the Court of his current mailing address, rather than the Court's duty to ascertain Hook's contact information. See <u>Weston v. St. Petersburg Police Dept.</u>, No. 8:09-cv-495-T-27TBM, 2010 U.S. Dist. LEXIS 91798, at *4 (M.D. Fla. Aug. 9, 2010) ("A party has a duty to keep the Court informed of his/her address."); <u>Lewis v. Conners Steel Co.</u>, 673 F.2d 1240, 1242-43 (11th Cir. 1982) ("Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute," including keeping the court and opposing counsel informed "of address changes.").